**LAW OFFICES OF ERIC A. SHORE**
**Toni L. Telles, Esquire**
Attorney ID: 00355-2009
4 Echelon Plaza
201 Laurel Road ~ 8th Floor
Voorhees, New Jersey 08043
(856) 433-6228
(856) 433-6230 - Telefax
ToniT@EricShore.com
Attorney for Plaintiff, Keli Hunter

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| KELI HUNTER<br>5031 Harbor Drive<br>Palmyra, New Jersey 08065<br>　　　Plaintiff,<br>vs.<br><br>BETTER SPEECH AND FEEDING CTR., INC.<br>901-B Route 73 North<br>Marlton, New Jersey 08053<br><br>SPEECH PATH SERVICES, LLC.<br>901-B Route 73 North<br>Marlton, New Jersey 08053<br>　　　Defendants | Civil Action Number<br>18-cv- _____ |

**COMPLAINT and JURY DEMAND**

I.　　**PARTIES AND REASONS FOR JURISDICTION.**

　　1.　　Plaintiff, KELI HUNTER (hereinafter "Plaintiff") is an adult individual residing at the above address.

　　2.　　Defendant, BETTER SPEECH AND FEEDING CTR, INC. ("Defendant") is a business entity, organized by and operating under the laws of the State of New Jersey and

owning, operating and doing business at the above captioned Marlton, New Jersey address.

3. Defendant, SPEECH PATH SERVICES, LLC ("Defendant") is a business entity, organized by and operating under the laws of the State of New Jersey and owning, operating and doing business at the above captioned Marlton, New Jersey address.

4. At all times material hereto, BETTER SPEECH AND FEEDING CTR, INC. and SPEECH PATH SERVICES, LLC, Defendants, are acting together, in concert, by and on each other's behalf. At all times material hereto, Defendants were Plaintiff's employer(s).

5. Upon information and belief, all of the Defendants, jointly, regularly exercised the authority to:

    (a) hire and fire employees,
    (b) determine the work schedules of employees,
    (c) set the rate of pay of employees, and
    (d) control the finances and operations of such business.

By virtue of such control and authority, Defendants BETTER SPEECH AND FEEDING CTR, INC. and SPEECH PATH SERVICES, LLC were employers of Plaintiff as such term is defined by the FLSA, NJWHL and CEPA.

6. Plaintiff brings this lawsuit seeking recovery from Defendants for damages arising from the following causes of action:

    (a) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., for failure to pay overtime and the minimum wage;

    (b) violation of Fair Labor Standards Act, 29 U.S.C. §215(a)(3), for retaliation;

    (c) violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., for failure to pay wages;

    (d) violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq.; and

    (e) termination of employment contrary to public policy as held in *Pierce v.*

*Ortho Pharmaceuticals Corp.*, 84 N.J. 58 (1980).

7. Jurisdiction is conferred by 28 U.S.C. §§1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. §1367.

9. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the District of New Jersey at the time of the illegal actions by Defendants as set forth herein.

## II. OPERATIVE FACTS.

10. On or about May 4, 2016, Plaintiff was hired by Defendants as an office manager.

11. Despite Plaintiff's title, she was paid hourly, at a rate of twenty dollars per hour.

12. Beginning on or about June 18, 2016 and continuing at times through the remainder of her employment, Defendants failed to pay Plaintiff for wages due and owing.

13. In or around September 2017, Plaintiff threatened to call the Department of Labor as a result of Defendants failure to pay Plaintiff and/or as a result of Defendants failure to pay Plaintiff in a timely manner, as the law required.

14. Subsequently, and in retaliation for Plaintiff's protected conduct, in the beginning of 2018, Defendants reduced Plaintiff's hours from approximately forty (40) to twenty (20) per week.

15. Plaintiff informed the owner, Melissa Miles, that this would not be enough money to live on and that she would have to look for another job.

16. Plaintiff also complained again to Ms. Miles regarding Defendants' failure to pay

her wages which were due and owing.

17. Ms. Miles told Plaintiff that, "It's my money and I'll do what I want. If you don't want to be here, then leave."

18. On or about February 19, 2018 Plaintiff again complained about Defendants' failure to pay her.

19. In response, Ms. Miles told Plaintiff if she did not like the manner in which she was being paid, she could leave.

20. Defendants then terminated Plaintiff's employment.

21. In terminating the Plaintiff, Defendants retaliated against Plaintiff for her complaints regarding her pay.

22. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. CAUSES OF ACTION.**

**COUNT I**
**Fair Labor Standards Act -- Failure to Pay Overtime and Minimum Wages**
**(Plaintiff v. All Defendants)**

23. Plaintiff repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

24. At all times relevant, each of the Defendants was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. §203(s).

25. At all times relevant, Plaintiff, as an employee of Defendants, was "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C.

4

§207(a).

26. At all times relevant herein, each Defendant was a "employer" of Plaintiff as that term is defined by 29 U.S.C. §203(d) of the Fair Labor Standards Act.

27. Defendants failed to compensate Plaintiff for all hours worked during a workweek for which she was "employed" as that term is defined under 29 U.S.C. §203(g) of the Fair Labor Standards Act.

28. Defendants employed Plaintiff for workweeks longer than forty hours without compensating Plaintiff at a rate of one and one-half times her regular rate of pay as required by 29 U.S.C. §207(a).

29. Plaintiff is entitled to unpaid wages for all hour worked in a workweek, liquidated damages in an equal amount, and her reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. §216(b).

30. Plaintiff is entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, liquidated damages in an equal amount, and her reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FLSA -- Retaliation
## (Plaintiff v. All Defendants)

31. Plaintiff repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

32. Plaintiff complained about pay practices of Defendants that were unlawful under the FLSA.

33. Plaintiff engaged in "protected conduct" by complaining about the FLSA

violations alleged herein.

34. Defendants knew that Plaintiff was being retaliated against because she spoke up concerning the wage and hour violations.

35. Defendants did nothing to rectify the wage and hour violations that Plaintiff complained about.

36. In fact, immediately after making a complaint, Defendants wrongfully terminated Plaintiff in direct response to her complaints regarding their wage and hour violations.

37. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff based on her lawful complaints of wage and hour violations.

38. Defendants are liable for the acts of individual supervisors, managerial employees, and the acts of their agents.

39. Defendants are subject to individual liability pursuant to 29 U.S.C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

40. Defendants terminated Plaintiff and otherwise discriminated against her as a result of her protected conduct.

41. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct. 29 U.S.C. §215(a)(3).

42. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, reasonable attorneys' fees and costs, disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

43. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

44.     Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. §210 et seq., Plaintiff demands attorneys fees and court costs.

## COUNT III
### Conscientious Employee Protection Act (CEPA)
### (Plaintiff v. Defendants)

45.     Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

46.     Plaintiff complained to a supervisor about a practice of Defendants that she reasonably believed to be illegal.

47.     Plaintiff thereby engaged in "protected conduct" as that phrase is understood within the meaning of CEPA.

48.     Plaintiff subsequently suffered termination of her employment after engaging in protected conduct.

49.     There exists a causal connection between the Plaintiff's protected activity and her termination.

50.     Pursuant to CEPA, Plaintiff demands judgment against Defendants, jointly and/or severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, consequential damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

## COUNT IV
### New Jersey Wage Payment Law (NJWPL)
### (Plaintiff v. Defendants)

51.     Plaintiff repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

52. At all relevant times herein, Plaintiff was an employee, and Defendants were employers of Plaintiff, as defined under the NJWPL.

53. Defendants failed to pay Plaintiff wages due and owing to her for hours worked, in violation of the NJWPL, N.J.S.A. 34:11-4.1 et seq.

54. Pursuant to the NJWPL, Plaintiff demands judgment against Defendants, jointly and/or severally and in the alternative, together with economic compensatory damages, liquidated damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

**COUNT V**
**New Jersey Common Law – Termination In Violation of Public Policy**
**(*Pierce v. Ortho Pharm. Corp.* 84 N.J. 58 (1980))**
**Plaintiff v. All Defendants**

55. Plaintiff repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

56. At all relevant times herein, Plaintiff was an employee of Defendants, jointly and severally.

57. Plaintiff's complaints regarding the nonpayment of wages constitute "protected conduct" as that phrase in understood within the meaning of the common law jurisprudence following the New Jersey Supreme Court decision of *Pierce v. Ortho Pharm. Corp.* 84 N.J. 58 (1980).

58. Plaintiff complained to a supervisor about an employment practice she reasonably believed to be in violation of a clear mandate of public policy, to wit, the Fair Labor Standards Act, 29 U.S.C. §201, et seq. as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et. seq.

59. In retaliation for engaging in the above protected conduct, Defendants retaliated against Plaintiff by terminating her employment.

60. Plaintiff demands judgment against Defendants jointly and severally, and/or severally and in the alternative, together with economic compensatory damages, liquidated damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

## IV. RELIEF REQUESTED.

WHEREFORE, Plaintiff Keli Hunter demands judgment in his favor and against Defendants, jointly and severally:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issued raised in this Complaint.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Toni L. Telles, Esquire of the Law Offices of Eric A. Shore is hereby designated trial counsel on behalf of the Plaintiff.

THE LAW OFFICES OF ERIC A. SHORE

By: _____
TONI L. TELLES, ESQUIRE

Dated: _____ June 13, 2018 _____