[Dkt. No. 18]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KELI HUNTER,<br><br>Plaintiff,<br><br>    v.<br><br>BETTER SPEECH AND FEEDING CENTER, INC.; and SPEECH PATH SERVICES, LLC; and MELISSA MILES, as the Corporate Alter Ego<br><br>Defendants. | Civil Action No. 18-cv-10556 (RMB/JS)<br><br>**MEMORANDUM ORDER** |

**BUMB**, **District Judge**

This matter is before the Court on the "Motion for Default Judgment" ("Motion") [Dkt. No. 18] filed by Plaintiff Keli Hunter ("Plaintiff") on January 3, 2020. For the reasons set forth below, Plaintiff's Motion will be denied without prejudice to allow her to refile her Motion consistent with this Memorandum Order.

**Background**

Plaintiff Keli Hunter brings this suit against Defendants Better Speech and Feeding Center, Inc., ("Better Speech"), Speech Path Services, LLC., ("Speech Path"), and Melissa Miles. Plaintiff's Motion will be denied for several reasons. First, Plaintiff has failed to properly serve Better Speech's

registered agent, as ordered by United States Magistrate Judge Joel Schneider on May 8, 2019. [See Dkt. No. 12]. Second, Plaintiff has failed to provide sufficient evidence against Speech Path to warrant default judgment. Third, although Plaintiff has properly served Melissa Miles in her individual capacity, Plaintiff has not sufficiently established a basis for Miles' individual liability.

**I. Service upon and evidence against Better Speech**

Plaintiff's Complaint avers that Defendants Better Speech and Speech Path were "acting together, in concert, by and on each other's behalf" in their employment of Plaintiff Hunter. [Dkt. No. 1, pg. 2]. The Court, however, has not received any evidence regarding the relationship between these two companies. For example, the Plaintiff has not introduced any documents at all, including pay stubs, that would indicate an employer-employee relationship.

Plaintiff's Amended Complaint [Dkt. No. 3], filed on July 25, 2018, adds Defendant Melissa Miles to the matter as the sole Director of Better Speech, and the sole managing member of Speech Path. Id. at 2. Plaintiff makes these assertions based on "public business entity records." Plaintiff later provided the Court with documentation from the Business Entity Information and Records Service of the New Jersey Business Gateway

2

indicating that Melissa Miles is a Director of Better Speech. [Dkt. No. 9, Ex. D].

While Defendant Miles was successfully served in her individual capacity on April 6, 2019 [Dkt. No. 11], Plaintiff has failed to comply with the order issued by Judge Schneider on May 8, 2019. [Dkt. No. 12]. In that order, Judge Schneider instructed the Plaintiff that, "in order to serve Better Speech, plaintiff need only effect service **once more** [emphasis added] upon Miles in her capacity as the corporation's director pursuant to N.J. Ct. R. 4:4-4(a)(6)." [Dkt. No. 12, page 5]. Judge Schneider denied Plaintiff's Motion for alternative service upon Better Speech and directed that Plaintiff "may serve Better Speech by personally serving Melissa Miles, in her capacity as Director of Better Speech, pursuant to N.J. Ct. R. 4:4-4(a)(6)." Id. at 6. Since Judge Schneider's order, Plaintiff has not submitted proof that service was conducted upon Melissa Miles in her capacity as Director of Better Speech.

Plaintiff seemingly understood Judge Schneider's order when she advised the Court on August 20, 2019 that she hired an investigator to locate Defendant Miles, after Miles failed to leave a forwarding address. [Dkt. No. 15]. The fact that Plaintiff successfully served Miles with the application for default and notice of clerk's entry of default [Dkt. No. 18, Ex. D] on November 12, 2019 in Bristol, Tennessee, however, does not

comply with Judge Schneider's order to serve the initial summons to Defendant Miles **in her capacity as Director of Better Speech**. Throughout the course of this case, Plaintiff has yet to properly serve Better Speech, as indicated in detail by Judge Schneider in his order. Thus, service upon Better Speech has not been effected and the Court will deny the Motion for Default Judgment against Better Speech without prejudice.

## II. Evidence against Speech Path

Plaintiff's Amended Complaint asserts that Defendant Miles "exercises pervasive control over the Defendants," "acts with substantial disregard of the separate nature of the Defendants," and that all Defendants "operate in such a way that there exists serious ambiguity about the manner and capacity in which each of the Defendants are acting." Id. at 10.

While Plaintiff has provided the Court with business records indicating Defendant Miles' role as a Director with Better Speech, the Court has received no such evidence that denotes the relationship between Miles and Speech Path. Outside of the allegations asserted in Plaintiff's Amended Complaint, Plaintiff has not provided sufficient evidence of her entitlement to an award against Speech Path.

Service of process was successfully effected upon Speech Path on August 31, 2018 [Dkt. No. 7], yet mere successful

service is insufficient to grant a Motion for Default Judgment without further evidence to support Plaintiff's allegations. In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The Court, however, must make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 U.S. Dist. LEXIS 41997, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

Despite proper service upon Speech Path, the Court does not understand how, nor was it presented evidence of, this company's relationships with Defendants and Plaintiff. Indeed, Plaintiff's Amended Complaint alleges "serious ambiguity" between the two Defendants. Plaintiff must do more to persuade this Court that she is entitled to judgment against Speech Path. The Court therefore denies the Motion for Default Judgment without prejudice.

### III. Defendant Miles as Corporate Alter Ego

While Defendant Miles was successfully served in her individual capacity on April 6, 2019 [Dkt. No. 11], Plaintiff has failed to put forth sufficient evidence to support why Miles

5

should be personally liable in this case. To support personal liability on behalf of Miles requires an analysis as to how her actions and practices would allow for a piercing of the corporate veil.

As Plaintiff seeks, piercing the corporate veil requires two elements: a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and the circumstances must indicate that adherence to the fiction of a separate corporate existence would sanction a fraud or promote injustice. <u>The Mall at IV Group Props., LLC v. Roberts</u>, 2005 U.S. Dist. LEXIS 31860, *3 (D.N.J. 2005). The Court must consider six non-exhaustive factors in addressing the first element:

> 1) gross undercapitalization; ... 2) failure to observe corporate formalities, 3) non-payment of dividends; 4) the insolvency of the debtor corporation; siphoning of funds of the corporation by the dominant stockholder; 5) non-functioning of other officers or directors; absence of corporate records; and 6) the fact that the corporation is merely a facade for the operations of the dominant stockholder[s]. <u>Craig v. Lake Asbestos of Quebec, Ltd.</u>, 843 F.2d 145, 150 (3d Cir.1988).

For the second element, Plaintiff must allege that the corporation committed a fraud, injustice, or the like. <u>The Mall</u>

6

at IV, supra, at 10. None of these factors are detailed, much less mentioned, in Plaintiff's filings, and therefore the Court is unpersuaded that individual liability attributed to Defendant Miles is supported at this time. Therefore, the Motion for Default Judgment is denied without prejudice.

THEREFORE,

IT IS HEREBY on this 7th day of January, 2021

**ORDERED** that for the foregoing reasons, the Motion for Default Judgment is denied without prejudice. To the extent Plaintiff can cure the foregoing deficiencies, she may file a renewed motion.

_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE